UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DAVONNE KEITH**, | ) | Case No. 1:06 CV 2360 |
| | ) | |
| Petitioner, | ) | Judge Sara Lioi |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **EDWIN C. VOORHIES, JR., WARDEN**, | ) | |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Davonne Keith is a prisoner in state custody following conviction in the Cuyahoga County

Common Pleas Court pursuant to his September 16, 2003 no contest pleas to five counts, specifically

drug trafficking with schoolyard specification, possession of drugs, possessing criminal tools,

resisting arrest and falsification (See Respondent's Ex. C & D).   Keith was sentenced to five years

and nine months on these five charges on September 26, 2003 (See Respondent's Ex. D).  Keith was

also charged with felonious assault which resulted from a separate incident and this matter was

bifurcated (Respondent's Ex. C, Journal Entry) and see *State v. Keith*, 2004 WL 2425654 at ¶¶6-7,

2004 - Ohio - 5731 (Ohio App. 8 Dist.).  On October 2, 2003 the felonious assault charge was

amended to domestic violence, Keith entered a guilty plea, and was sentenced to six months to run

concurrently with the other counts (Respondent's Ex. E).   Keith is now in federal district court

under 28 U.S.C. §2254 after exhausting his state remedies on both direct appeal and on application

to reopen appeal.[1]

_____

[1] See *State v. Keith*, 2004 WL 2425654, 2004 - Ohio - 5731 (Ohio App. 8 Dist.), appeal allowed, 105 Ohio St.3d 1463, 824 N.E.2d 91, 2005 - Ohio - 1029 (Table); appeal dismissed as improvidently granted by *In re Ohio Crim. Sentencing Statutes Cases*, 109 Ohio St.3d 313 at ¶175, 847 N.E.2d 1174, 2006 Ohio - Ohio - 2109 (2006) application to deny reopening denied, see Respondent's Ex. R., appeal not accepted, 110 Ohio St.3d 1468, 852 N.E.2d 1215, 2006 - Ohio - 4288 (Table 2006).

1:06 CV 2360                                    2

*Overview:*

Keith's central theme is his grievance that he should not have been convicted on the schoolyard specification which enhanced the offense level of drug trafficking from a second to a first degree felony. He argues here in federal court and once previously in state court (See Respondent's Exhibit S, Memorandum in Support of Jurisdiction, p. 3) that the evidence showed that he was selling drugs near a day care center (TR. 148) which he maintains is not a "school" as defined within Ohio Revised Code §3301.07.[2]  He argues that "school" for purposes of the schoolyard specification as defined in Ohio Revised Code §2525.01(Q) is limited to regulated primary and secondary schools under section 3301.07 of the Revised Code. Keith is absolutely correct that no evidence was offered to establish that a day care center was a "school" for the purpose of the drug trafficking specification under Ohio Rev. Code §2925.03(C)(1)(d), although Keith erroneously refers to §2925.03(C)(1)(e), which reads "regardless whether the offense was committed in the vicinity of a school."


Keith is also absolutely correct on this second point that the trial court erred in finding him guilty without establishing that Keith acted "recklessly" in selling drugs in the vicinity of a school in light of *State v. Lozier*, 101 Ohio St.3d 161, 803 N.E.2d 770, 2004 - Ohio - 732 (2004). That case

---

[2] For purposes of the state drug offenses statutes:

"School" means any school operated by a board of education, any community school established under Chapter 3314 of the Revised Code, or any nonpublic school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed.

R.C. §2925.01(Q).

1:06 CV 2360                                                  3

ended the debate whether "in the vicinity of a school" imposed strict liability, or was gauged under

the standard of "knowingly" utilized by Ohio's Fifth Appellate District.  *Lozier* held that a finding

of guilty requires evidence of "reckless" proximity to the school.   That decision was issued on

March 3, 2004, well after Keith pleaded no contest and was sentenced for drug trafficking with a

"schoolyard specification," but was available for argument on Keith's direct appeal.

        None of this has any affect on Keith's drug trafficking conviction or sentence.  Keith was

sentenced to five years and nine months computed as five years for drug trafficking with schoolyard

specification, five years for possession of crack cocaine, nine months each for the falsification and

possession of criminal tool charges and six months for resisting arrest.  All counts were to run

*concurrently* except for the nine months imposed for falsification which ran consecutively.  (See

Respondent's Ex. D, Journal Entry). The trial court opted for 5 year penalties for both possession

and trafficking, which was one of the permissible amounts of time for felonies of both the first and

second degree.  See Ohio Rev. Code §2929.14(A)(1) and (2). Keith admitted to a prior conviction,

so he was not entitled to the  minimum sentence presumption of  Ohio Rev. Code §2929.14(B)(1).

        The critical fact is that Keith was sentenced on drug trafficking *concurrently* with drug

possession.  He was sentenced to five years on this second degree felony of possession and

consequently Keith's sentence would remain the same even if the drug trafficking sentence were

eliminated from the calculation.  Keith suffered no prejudice as a result of these errors.  The writ of

habeas corpus may only be granted to correct constitutional error that has a substantial and injurious

1:06 CV 2360                                            4

effect or influence on the jury's verdict,[3]  Keith's plea[4] or in this instance, on the sentence. [5]

Remand to the state trial court would be pointless since Keith's sentence would remain the same.

He suffered no actual prejudice due to these sentencing errors.  The undersigned will now focus on

the arguments raised by the parties.

> **GROUND ONE:** Petitioner's rights to due process of law and a fair trial, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, were violated when the trial court did not require the State to prove all elements of the offense.
>
> **SUPPORTING FACTS:** The State failed to prove that Mr. Keith was guilty of the schoolyard specification to his drug conviction. In a prosecution for drug trafficking near a school, the State must allege and prove that the defendant acted recklessly with regard to being near a school.
>
> In a footnote, the Eighth District court of Appeals intuited that the State had proffered that the sale happened one block from a day care center but only schools regulated under Ohio Rev. Code Ann. §3301.07 are "schools" for the purposes of the schoolyard specification.   Ohio Rev. Code Ann. §2925.01(Q). Section 3301.07 regulates only primary and secondary schools. Day care centers are arguably regulated under section 3301.52 *et seq.*, but there is no argument that they are regulated under section 3301.07.

*Procedural Default-Lack of Fair Presentation:*

---

[3] *Brecht v. Abrahamson,* 507 U.S. 619, 622-37, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Fry v. Pliler*,  - U.S. -, 127 S.Ct. 2321, 2325, 168 L.Ed.2d 16 (2007).

[4] *Hill v. Lockhart*, 474 U.S. 52, 56-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

[5] *William v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  *Woodford v. Visciotti,* 537 U.S. 19, 123 S.Ct. 357, 154 L.Ed.2d 279 (2003).

1:06 CV 2360                                    5

Respondent's arguments concerning the first ground do not focus on their merit, but instead, on procedural default. On direct appeal to the state appellate district court, appellate counsel only challenged the denial of the suppression motion that had been preserved through Keith's "no contest" pleas (See Ohio Crim. R. 12(I)). The appeal was not successful for Keith, so he switched strategies and, using the procedure from *Murnahan*, argued to Ohio's Supreme Court that counsel had provided deficient performance in his appeal.[6] The first proposition of law was "appellate counsel is ineffective when she fails to raise winning issues." (Respondent's Ex. J, Memorandum in Support of Jurisdiction, p. 4-6). Keith argued to the Ohio Supreme Court that appellate counsel should have argued that the evidence was insufficient to support the schoolyard drug specification because the State did not allege or prove under "R.C. §2925.03(C)(4)(e)" that he was reckless in being near a school.

Initially the Supreme Court accepted its discretionary appeal ordering the cause to be held for decision in Case Nos. 04-1771, *State v. Quinones* and 04-1568, *State v. Foster* (See Respondent's Ex. L). Acceptance of the appeal was rescinded on May 3, 2006, when the Ohio Supreme Court ordered:

> This cause, here on appeal from the Court of Appeals for Cuyahoga County,
> was considered in the manner prescribed by law. On consideration thereof,

---

[6] The Ohio Supreme Court has held that:

Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court pursuant to Section 2(B)(2)(a)(iii), Article IV of the Ohio Constitution. (*In re Petition of Brown* [1990], 49 Ohio St.3d 222, 223, 551 N.E.2d 954, 955; *Manning v. Alexander* [1990], 50 Ohio St.3d 127, 553 N.E.2d 264 (followed).

*State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992) (Syllabus No. 2).

1:06 CV 2360                                6

> this cause is dismissed, *sua sponte*, as having been improvidently accepted
> pursuant to the rule relating to ineffective assistance of counsel announced
> in *Strickland v. Washington* (1984), 466 U.S. 668.

(Respondent's Ex. M).[7]


Keith then repeated his ineffective assistance of counsel argument in an Ohio R. App. P. 26(B) application to reopen appeal, which was denied as *res judicata* by the state district appellate court (Respondent's Ex. R). Keith appealed this ruling to the Ohio Supreme Court, where he first introduced the argument that the evidence was insufficient to support the school yard specification under the definition of "school" under Ohio Rev. Code §2925.01(Q) (Respondent's Ex. S, p. 8). He presented this claim as a direct challenge to the sufficiency of the evidence, and not as a claim of ineffective assistance of counsel.


This leads to one type of procedural default known as the lack of "fair presentation." The substance of the federal claims submitted for habeas corpus review must be "fairly presented" to the state's highest court because only in this manner will the state courts have been provided with a fair opportunity to pass upon and correct alleged violations of federal rights. See *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Coleman v. Thompson*, 501 U.S. 722, 735, 109 S.Ct. 2546, 2557, 115 L.Ed.2d 640(1991). "Fair presentation of an issue requires that a petitioner give state courts a full

---

[7] May 3, 2006 is the date that the Ohio Supreme Court announced its decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio- 856 (2006), *cert. denied*, -U.S.-, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006), and *In re Criminal Sentencing Statutes Cases*, 109 Ohio St.3d 313, 847 N.E.2d 1174, 2005- Ohio-2109 (2006), which disposed of pending appeals based on the decision in *Foster*.

1:06 CV 2360                                   7

opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003), quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  Fair presentation of constitutional claims requires that the state courts are afforded "a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); *Rose v. Lundy*, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

With regard to the first part of this first ground concerning the argument based on *State v. Lozier*, to be "fairly presented" the federal ground must also be presented under the same theory as presented to the state court.  See *Caver v. Straub*, 340 F.3d 340, 346 (6th Cir. 2003); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 1939, 161 L.Ed. 779 (2005).  "Relatedness of the issues . . . does not save [petitioner's] claim." *Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001), *cert. denied*, 534 U.S.1147 (2002).  Consequently, as in *Lott*,  a claim raised under the motif of ineffective assistance of counsel *in state court* is not the same claim when raised in federal court as trial error.  See *Lott*, 261 F.3d at 611-12.

With regard to the second part of this first ground concerning the sufficiency of the evidence, Ohio R. App. P. 26(B)(5) clearly reads: "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." The Ohio Supreme Court has limited applications to reopen to that precise basis.  See *State*

1:06 CV 2360                                              8

*v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996);[8] *State v. Spivey*, 84 Ohio St.3d 24, 25, 701

N.E.2d 696, 1998 - Ohio - 704 (1998); *State v. Bryant-Bey*, 97 Ohio St.3d 87, 776 N.E.2d 480, 2002

- Ohio - 5450 (2002). An application to reopen does not serve as a proper vehicle to carry any other

claim other than ineffective assistance of appellate counsel, and a lack of "fair presentation" occurs

not only in those situations where the petitioner has failed to raise his claim to the state's highest

court for review, but also where it has been presented, "in such a manner that the state court could

not, consistent with its own procedural rules, have entertained it." *Edwards v. Carpenter*, 529 U.S.

446, 453, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000). This is precisely what has occurred with

Keith's sufficiency of the evidence argument. Although the Ohio Supreme Court did not reject this

claim with an opinion in dismissing the appeal based on Ohio R. App. P. 26(B), "this court must

assume that the rejection rested on adequate and independent state-law grounds, because the Ohio

Supreme Court's summary order does not 'fairly appear' to rest on federal law." *Seymour v. Walker*,

224 F.3d 542, 555-56 (6th Cir. 2000)(citing *Coleman*, 501 U.S. at 740).


A failure to fairly present the federal ground to the state's highest court constitutes an

adequate and independent state procedural rule barring habeas review. See *Leroy v. Marshall*, 757

F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985); *Rust v. Zent*, 17 F.3d 155, 160 (6th

Cir. 1994); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004), *cert. denied* 546 U.S. 821 (2005).

---

[8] The only issue to be decided at this stage of the case is whether the appellant has raised a "genuine issue" as
to his claim that he was denied effective assistance of appellate counsel, according to the dictates of App. R. 26(B)(5).
We express no judgment on appellant's contention that he was denied his constitutional right to defend himself. Rather,
we are concerned solely with the standard of review to be applied when assessing a defendant's request for reopening
an appeal under App. R. 26(B)(5).

*State v. Reed*, 74 Ohio St.3d at 535, 660 N.E.2d at 458.

1:06 CV 2360                                        9

Moreover, this is not simply a matter of state procedure but the lack of "fair presentation" is also a concern of federal comity.  This procedural default serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999); see also *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Teague v. Lane*, 489 U.S. 288, 797-99, 109 S.Ct. 1660, 103 L.Ed.2d 334 (1989);  *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).


In this situation, federal collateral review is barred, but Keith  may overcome this bar by a demonstration of "cause" and "prejudice" to excuse the failure to present a constitutional claim to the state's highest court, or alternatively by showing a fundamental miscarriage of justice that resulted in the conviction of an actual innocent.  See *Schlup v.* Delo, 513 U.S. 298, 320-322, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995); *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*,   547 U.S. 518, 521-522, 536-37, 126 S.Ct. 2064, 2068, 2076, 165 L.Ed.1 (2006).  Keith argues ineffective assistance of appellate counsel as cause.


"[A] claim of ineffective assistance," . . ., generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards*

1:06 CV 2360                                              10

*v. Carpenter*, 529 U.S. at 452, 120 S.Ct. at 1591, quoting *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).  As explained in *Murray* this requirement exists to avoid placing the federal reviewing court "in the anomalous position of adjudicating an unexhausted constitutional claim for which state review might still be available."  *Murray*, 477 U.S. at 489, 106 S.Ct. at 2646. Nonetheless, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted . . . ." *Edwards v. Carpenter,* 529 U.S. at 453, 120 S.Ct. at 1592.

Keith did in his direct appeal of appellate counsel's alleged ineffectiveness present his *State v. Lozier* claim (See Respondent's Ex. J).  "When a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004)(quoting *Coleman*, 501 U.S. at 750). As explained at the beginning of this analysis Keith was not actually prejudiced from any oversentencing on the drug trafficking conviction that resulted from appellate counsel's lack of argument based on *State v. Lozier,* and since there was no effect on the sentence – granting the petition is pointless.  Consequently, he has failed to demonstrate that appellate counsel was ineffective due to a lack of actual prejudice.

Next, no ineffective assistance of counsel claim was presented to excuse the fail to present the definition of "school"  argument until the appeal from the denial of the Ohio R. App. P. 26(B)

1:06 CV 2360                                        11

application to reopen. This issue was bypassed in direct appeal pursuant to *Murnahan*.  In order to constitute "cause" to excuse a procedural default, there must be a right to assistance of counsel in the state proceeding.  See *Coleman*, 501 U.S. at 752, 111 S.Ct. at 2566.  First, there is no right to counsel in second-tier discretionary review to the state's highest court.  See *Ross v. Moffitt*, 417 U.S. 600, 610, 94 S.Ct. 2437, 481 L.Ed.2d 341 (1971); *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 2583, 162 L.Ed. 2d 552 (2005).  Second,  there is no right to effective assistance of counsel in Ohio R. App. P. 26(B) proceedings.  See *Lopez v. Wilson*, 426 F.3d 339 (6th Cir. 2005) (*en banc*).  As a result, ineffective assistance of counsel cannot constitute cause when there is no constitutional right to effective counsel in the proceeding in question.[9]   Again, there is no point to this argument since there is no difference in the sentence due to the improper application of the "schoolyard" specification.

This leaves the final issue whether Keith can show a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent to escape the procedural bar to federal review.  See *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 1852, 158 L.Ed. 2d 659 ( (2004);

---

[9] In *Coleman* the court stated, "Given that a criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review, it would defy logic for us to hold that Coleman had a right to counsel to appeal a state collateral determination of his claims of trial error." *Coleman*, 501 U.S. at 756-57, 111 S.Ct. at 2568. This broad language implicitly sweeps state discretionary appeals within its ambit. However, the issue before the court was counsel's effectiveness in the state habeas appeal. *Coleman* determined only that ineffectiveness of counsel in state post-conviction proceedings did not constitute cause. *Id.* An argument could be made that the application of *Coleman's* disallowance of attorney error as "cause" to discretionary second-tier appeals is *dicta*.  Consistent with *Coleman* the Sixth Circuit held that a petitioner could not use attorney's alleged ineffectiveness in state post-conviction matters to establish cause for a procedural default.  See *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003). *Coleman*, though, did refer specifically to *Ross v. Moffitt* (see *Coleman*, 501 U.S. at 742-757, 111 S.Ct. at 2567) and its rationale has been applied to discretionary appeals to state supreme courts in published decisions from the Ninth and Second Circuits. See *Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004); *Chalk v. Kuhlmann*, 311 F.3d 525, 528 (2nd Cir. 2002), *cert. denied*, 540 U.S. 990 (2003). Accordingly, while this is arguably *dicta*, the Supreme Court's decision has been interpreted to set out a broad rule.

1:06 CV 2360                                    12

*Murray*, 477 U.S. at 495-96.; *Schlup v. Delo*, 513 U.S. at 327, 115 S.Ct. at 867, 130 L.Ed.2d 808

(1995). To succeed, Keith would need to present "new reliable evidence. . . that was not presented

at trial" *Schlup*, 513 U.S. at 324. "A prototypical example of 'actual innocence' in a colloquial sense

is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505

U.S. 333, 340, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). "In *Schlup*, the [ Supreme] Court

adopted a specific rule to implement this general principle. It held that prisoners asserting innocence

as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than

not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House*

*v. Bell,* 547 U.S. at 536-37,  126 S.Ct. at 2076 -2077.  This requires support from, "allegations of

constitutional error with new reliable evidence — whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial."

*Schlup*, 513 U.S. at 324; *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 427 (6th Cir. 2003). Keith

has not produced new evidence as a gateway for federal review of the ground.   This is not to say

that there is no concern over the trial court's erroneous treatment of the schoolyard specification and

its requisite *mens rea*.  However, in this situation the error neither resulted in wrongful conviction

for drug trafficking nor actually enhanced his sentence beyond his concurrent sentence for

possession of crack cocaine.

> **GROUND TWO:**    Petitioner's right to *effective assistance* of counsel, as
> guaranteed by the Sixth and Fourteenth Amendments
> to the Constitution of the United States of America
> was violated when appellate counsel failed to raise the
> issue that the State has failed to present sufficient
> evidence to convict petitioner of the schoolyard
> specification.

1:06 CV 2360                                    13

**SUPPORTING**
**FACTS:**          As explained in Ground One, the State failed to prove
                    that Mr. Keith was guilty of the schoolyard
                    specification.  Appellate counsel's performance was
                    deficient because she failed to raise a winning issue.
                    Mr. Keith was prejudiced because the court of appeals
                    would have vacated that part of his conviction and
                    sentence and remanded this case for resentencing on
                    all counts if counsel had properly raised the issue.

This second ground, as explained before, was "fairly presented" to Ohio's Supreme Court

in regard to the *State v. Lozier* argument but not with respect to Keith's presence in the vicinity in

of a day care, as opposed to a "school."  The Ohio Supreme Court reviewed the *State v. Lozier*

argument under *Strickland* and found no denial of effective assistance of appellate counsel

(Respondent's Ex. M).

Respondent argues, in effect, that  Keith waived the definitional defense when he pleaded

no contest because Ohio Crim. Rule 11(B)(2) reads:

> [t]he plea of no contest is not an admission of defendant's guilt, but is an
> admission fo the truth of the facts alleged in the indictment, information, or
> complaint, and the plea or admission shall not be used against the defendant
> in any subsequent civil or criminal proceeding.

As explained by the Ohio Supreme Court, "[a] plea of no contest constitutes an admission of the

facts alleged in an indictment, as well as the facts set forth by the state in an explanation of  the

circumstances surrounding the charge, but does not admit that those facts lead to a legal conclusion

of guilt."  *State v. Perry*, 83 Ohio St.3d 481, 483, 697 N.E.2d 624, 627, 1998 - Ohio - 422 (1998).

The indictment (Respondent's Ex. A) contained a "schoolyard specification" which read:  The

1:06 CV 2360                                        14

Grand Jurors further find and specify that the offender committed the offense on school premises, in a school building, or within 1,000 feet of the boundaries of a school premises."  Consequently, whether or not the "school" was actually a day care no longer matters because Keith conceded this point and consequently admitted to the trial court this definitional fact.

Keith attempts to respond to this argument by bending the history of the appeals to imply a claim of ineffective assistance of trial counsel.  However, such a  claim was never properly presented to the Ohio Supreme Court. In any event, respondent contends that this claim should be addressed on its merits. Respondent's willingness to waive the procedural default, though, confers no benefit because, to repeat, there was no actual prejudice with regard to the drug trafficking conviction or sentence enhancement due to the schoolyard specification.

Respondent also reads the Ohio Supreme Court's decision as implying appellate counsel had provided good performance.  That assumption is totally incorrect.  Keith's circumstances were far too similar to those in *State v. Lozier* where defendant's conviction on plea of no-contest was upheld only because the trial court had support for its conviction based on "knowingly" selling drugs in the vicinity of a school.  Keith, on the other hand, had his sentence enhanced as a matter of strict liability, contrary to the holding of *State v. Lozier*.  The Ohio Supreme Court would not have approved of appellate counsel's deficient performance due to insufficient evidence to support the

1:06 CV 2360                                       15

finding that Keith's presence near a school was "reckless." As a result, for this question  the Ohio

Supreme Court's decision is construed as resting on the second prong of *Strickland.* [10]

To sustain a violation of the constitutionally guaranteed Sixth Amendment right to counsel,

Keith must  show not only that counsel's performance was deficient, so that counsel was not

functioning as the "'counsel 'guaranteed the defendant by the Sixth Amendment,'" but "must show

that the deficient performance prejudiced the defense," so that "there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Williams v.*

*Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Since the state decision acknowledged a correct standard for adjudicating this claim, Keith

must show an "unreasonable application" of clearly established Federal law. See *Rompilla v. Beard*,

545 U.S. 374, 380, 125 S.Ct. 2456, 2462, 162 L.Ed.2d 360 (2005);*Williams v. Taylor*, 529 U.S. 362,

---

[10] The Sixth Circuit has ruled that when a state court disposes of a constitutional claim but fails to articulate its analysis an "intermediate approach" applies to 28 U.S.C. §2254(d):

> We have taken *an intermediate approach-in between de novo review and complete deference*. We have held that a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir.2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).

> The independent review, however, is not a full, de novo review of the claims. *Id.* As we held in *Harris*, the review remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of AEDPA. Id.  (emphasis supplied).

*Howard v. Bouchard*, 405 F.3d 405, 467-468 (6th Cir. 2005), cert. denied, 546 U.S. 1100 (2006).

1:06 CV 2360                                   16

413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Wiggins v. Smith*, 539 U.S. 510, 520-21, 123 S.Ct.

2527, 2535, 156 L.Ed.2d 471 (2003).   The unreasonable application of Supreme Court precedent

must, however, be "objectively" unreasonable.  *Id.,* 529 U.S. at 409, 120 S.Ct. at 1521; *Wiggins,*

*supra*, at 520-21.  When the state court has rendered a decision, the federal reviewing court  may

not grant the writ in its "independent review of the legal question." *Lockyer v. Andrade*, 538 U.S.

63, 75-76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003). Keith has not demonstrated an objectively

unreasonable ruling by the Ohio Supreme Court nor actual prejudice to sustain his claims of

ineffective assistance of appellate counsel presented in his second ground.

> **GROUND THREE:** Petitioner was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Sixth Amendment to the United States Constitution based on appellate counsel's failure to raise a claim petitioner's sentence was imposed in contravention of the Sixth and Fourteenth Amendment to the United States Constitution.

> **SUPPORTING FACTS:** Mr. Keith was represented by appointed counsel on direct appeal.  Appellate counsel raised only one error on direct appeal challenging the trial court's denial of the motion to suppress evidence.  Appellate counsel raised no other assignments of error in Mr. Keith's one and only appeal as of right.  Mr. Keith received consecutive, non-minimum sentences for all of his felony convictions, even though no jury made findings under Ohio Rev. Code Ann. §2929.14(B) and (E).

> Specifically, counsel did not challenge the court's imposition of consecutive non-minimum sentences without findings from the jury as required by Section 2929.14 of the Ohio Revised Code. The Court of Appeals issued its decision on October 24, 2004, after the United States Supreme Court rendered its decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct.

2531, 159 L.Ed.2d 403 (2003). In any event, counsel could have raised the issue in a supplemental briefing.

Under *Blakely*, Mr. Keith's sentences are illegal. Yet his appellate attorney never raised this important sentencing issue for review and determination in the state court of appeals. Thus, appellate counsel failed to raise a meritorious sentencing issue on direct appeal.

Effective assistance of counsel on appeal does not require raising every nonfrivolous argument on appeal. Counsel is required to exercise reasonable professional judgment. See *Jones v. Barnes*, 463 U.S. 745, 751-53, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). Clearly established federal law presumes that the result of the proceeding on appeal was reliable and requires a habeas petitioner claiming ineffective assistance of appellate counsel to prove the presumption incorrect." *Smith v. Robbins*, 528 U.S. 259, 286-87, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000). "Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua*, at 441; *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Borrowing the two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), petitioner must demonstrate first, that appellate counsel's failures constituted deficient, hence objectively unreasonable, performance; and second, that the deficient performance prejudiced the appeal. *Smith v. Robbins*, 528 U.S. at 285-86; *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); and see *Strickland*, 466 U.S.

1:06 CV 2360                                  18

at 687-91. To assist in this determination, a series of eleven questions has been devised to ascertain

whether counsel's performance was objectively unreasonable.[11]


The third ground is perhaps the most intriguing of Keith's grounds.  As Keith states, on

direct appeal appellate counsel argued only that the trial court erred when it misapplied basic Fourth

Amendment principles and failed to suppress the crack cocaine.  *State v. Keith*, 2004 WL 2425654

at ¶8.  The  judgment of the trial court was affirmed but there was a vigorous concurring and

dissenting opinion chastising appellate counsel for failing to raise arguments under *Blakely v.*

*Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  See *Keith* at ¶¶19-21.  The

dissenting opinion believed that the sentencing error should have been reviewed under state plain

error standards and that *Blakely* may have altered or restricted the reasons for the statutorily required

findings for sentencing including the findings necessary to impose consecutive sentences.

---

[11] Those questions are as follows:

> (1) Were the omitted issues "significant and obvious"?
> (2) Was there arguably contrary authority on the omitted issues?
> (3) Were the omitted issues clearly stronger than those presented?
> (4) Were the omitted issues objected to at trial?
> (5) Were the trial court's rulings subject to deference on appeal?
> (6) Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if
> so, were the justifications reasonable?
> (7) What was appellate counsel's level of experience and expertise?
> (8) Did the petitioner and appellate counsel meet and go over possible issues?
> (9) Is there evidence that counsel reviewed all the facts?
> (10) Were the omitted issues dealt with in other assignments of error?
> (11) Was the decision to omit an issue an unreasonable one which only an incompetent
> attorney would adopt?

*Whiting v. Burt*, 395 F.3d 607, 616 (6th Cir. 2005); quoting *Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999); *cert.*
*denied*, 528 U.S. 946 (1999).

1:06 CV 2360                                        19

At the time Keith was sentenced, state statutory sentencing requirements mandated the "shortest prison term authorized for the offense" under Ohio Rev. Code §2929.14(D) unless one or more of the exceptions from §2929.14(B), (C) or (D) applied.  Furthermore, §2929.14(E)(4) provided that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offenders to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentence are not disproportionate to the seriousness of the offender's conduct and to the danger of the offender poses to the public."  The court was further required to make additional  findings concerning the commission of offenses as specified under this statute.

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reaffirmed its position that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435  (2000)).  What changed in *Blakely* from *Apprendi* was the definition of "statutory maximum" sentence from a penalty enhancing the sentence beyond the prescribed statutory maximum to "the maximum [the court] may impose *without* any additional findings." *Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537 A violation of the Sixth Amendment right to trial by jury results "[w]hen a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' *Bishop, supra*, §87, at 55, and the judge exceeds the proper authority."

1:06 CV 2360                                20

*Blakely v. Washington*, 542 U.S. at 303-304, 124 S.Ct. at 2537; and see *Cunningham v. California*,

549 U.S. 270, 127 S.Ct. 856, 860, 166 L.Ed.2d 856 (2007).


First, with regard to minimum sentences, Ohio Rev. Code §2929.14(B)(1) authorized a

sentence in excess of the minimum when "the offender previously had served a prison term."  This

is congruent with the provision in *Blakely*'s allowance of "[o]ther than the fact of a prior conviction

. . ."  *Blakely*, 542 U.S. at 301.  Keith had prior conviction and admitted to the court that he had

resided at the state penitentiary with release in October 2001 (TR. 147, 159).  Accordingly, this

information was admissible since it concerned both the prior conviction and Keith's own admission.

 So the legislative  mandate favoring minimum sentences was lifted and the fact that appellate

counsel was ineffective for failure to argue the lack of minimum penalty would be an exercise in

futility.


However, the question becomes more complex with regard to consecutive sentences.

Naturally, Keith wants to introduce *State v. Foster* into this equation.  Keith's case was initially

paired up with *State v. Foster*.  However, he appears to understand that *Foster* does not have

retroactive application. See *Foster*, 109 Ohio St.3d at 31, 845 N.E.2d at 499. The argument

1:06 CV 2360                                        21

presented was raised solely under *Blakely*, and *Blakely* did not address the issue of consecutive

sentencing.[12]

The Ohio Supreme Court's rejection of this ground under *Strickland v. Washington*, again

requires Keith to establish that this decision was objectively unreasonable.  Keith cannot show that

appellate counsel's failure to challenge consecutive sentencing as contrary to *Blakely v. Washington*

was a "significant and obvious" question because *Blakely* did not decide this question.  *Blakely*

involved a question of  enhancement of a sentence, not consecutive sentencing, and the Supreme

Court has not extended *Blakely*'s reasoning into the realm of consecutive sentencing.  More

---

[12]   The Ohio Supreme Court in *Foster*, evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in *Apprendi*, *Blakely*, and *United States v. Booker*,  543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),  The Ohio Supreme Court determined that "Ohio's felony, sentencing plan is a "hybrid" of determinate and indeterminate sentencing, *Foster*, 109 Ohio St.3d at 12, and, the court severed the determinate aspects of the system. *Id.* at 17.   Following the lead of state supreme court decisions in Indiana and New Jersey, (*Foster*, 109 Ohio St.3d at 27 n.98), the Ohio Supreme Court eviscerated § 2929.14(B)'s presumption in favor of a minimum term and  severed § 2929.14(E)'s fact-finding requirements prior to imposing consecutive sentences.  *Id.* at 20.  The Ohio's Supreme Court struck down the grounds that they permitted judges to impose heightened sentences only after engaging in additional fact-finding found unconstitutional in *Blakely*.  *Foster,* at 25.

importantly, the legal landscape at the time did not lend itself to a nexus of consecutive sentences

and *Blakely*.[13]   The reasonable assumption would be that a *Blakely* argument was futile.


It also should be noted that  the Supreme Court has side-stepped an opportunity to confront

the issue of whether *Blakely* impacts consecutive sentencing on *certiorari* of *People v. Black*, 35

Cal. 4th 1238, 113 P.3d 534, 29 Cal Rptr. 740 (2005), wherein the California Supreme Court had

stated:

> Permitting a judge to make any factual findings related to the choice between
> concurrent or consecutive sentences does not create an opportunity for
> legislatures to eliminate the right to a jury trial on elements of the offenses.
> Nothing in the high court's decisions in *Apprendi, Blakely,* or *Booker*

---

[13]  The Supreme Court of Washington State found no basis for a *Blakely* challenge.  See *State v. Louis*, 155 Wash.2d 563, 571-72, 120 P.3d 936 (2005); *State v. Cubias*, 155 Wash.2d 549, 555-56, 120 P.3d 9929 (2005), finding support in *State v. Robinson*, 146 S.W.3d 469 (Tenn. 2004), *cert. denied*, 546 U.S. 1214 (2006).  *State v. Anderson*, 374 N.J. Super. 419, 864 A.2d 1174 (2005), certification denied, 185 N.J. 266, 883 A.2d 1062 (2005); *State v. Senske*, 692 N.W.2d 743 (Minn. App. 2005).

Further, in Ohio the Eighth District Court of Appeals to which Keith had appealed had ruled contrary to *Foster*. See *State v. Lett*, 161 Ohio App.3d 274, 829 N.E.2d 1281 2005 - Ohio - 2665 (2005), reversed in re Ohio Crim. Sentencing Statutes Cases, 109 Ohio St.3d 313, 847 N.E.2d 1174, 2006 - Ohio - 2109 (2006).  The compilation of cases in *State v. Head*, 2005 WL 1538490, at *11 (Ohio App. 11 Dist.) also reveals that appellate counsel would be raising a frivolous claim, stating::

[W}e are aware of no appellate district that has held that a trial court's imposition of consecutive sentence implicates *Blakely* or otherwise violates a defendant's Sixth Amendment rights to a jury trial. See, e.g. *State v. Lowery*, 1st Dist. No. C-040280, 2005-Ohio-1760, ¶ 54, 160 Ohio App.3d 544, 828 N.E.2d 138; *State v. Sour*, 2d Dist. No. 19913, 2004-Ohio-4048, ¶ 7; *State v. Scarberry*, 3d Dist. No. 8-04-32, 2005-Ohio-1425, ¶ 10; *State v. Wheeler*, 4th Dist. No. 04CA1, 2004-Ohio-6598, ¶ 23; *State v. Small*, 5th Dist. No. 04CAA04032, 2005-Ohio-169, ¶ 42; *State v. Holt*, 6th Dist. No. E-04-004, 2005-Ohio-1554, ¶¶ 38-39; *State v. Barnette*, 7th Dist. No. 02 CA 65, 2004-Ohio 7211, ¶ 107; *State v. Lett*, 8th Dist. Nos. 84707 & 84729, 2005-Ohio-2665, ¶ 46, 161 Ohio App.3d 274; *State v. Searns*, 9th Dist. No. 04CA008515, 2005-Ohio-870, ¶ 7; *State v. Abdul-Mumin*, 10th Dist. Nos. 04AP-485 & 04AP-486, 2005-Ohio-522, ¶ 30; *State v. Langlois*, 11th Dist. No.2003-A-0080, 2005-Ohio-2795, ¶ 44; *State v. Collier*, 12th Dist. No. CA2003-11-282, 2005-Ohio-944, ¶ 41.

1:06 CV 2360                                    23

> suggests that they apply to factual determinations that do not serve as the
> "functional equivalent" of an element of a crime.
> *Id.*, 35 Cal. 4th at 1263, 113 P.3d at 549.

In its decision in *Black v. California*, - U.S. -, 127 S.Ct. 1210, 167 L.Ed.2d 36 (2007), the

Supreme Court remanded the case for reconsideration in light of *Cunningham v. California*.

*Cunningham*, though, addressed a determinate sentencing law which limited judicial discretion to

selecting one of several statutory prescribed periods of imprisonment.  The decision did not squarely

address the debate over concurrent versus consecutive sentences in light of *Blakely*.  In any event,

Keith has not demonstrated either deficient performance or actual prejudice to overcome the limited

deference owed under §2254(d) to the Ohio Supreme Court's reliance on *Strickland v. Washington*.

### CONCLUSION AND RECOMMENDATION

Following review of the petition and applicable law, Keith has not demonstrated that he is

in custody pursuant to a judgment of the state court which resulted in a decision that was contrary

to or involved an unreasonable application of Federal law as determined by the Supreme Court of

the United States or was the result of a decision based on an unreasonable interpretation of the facts

in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  Keith has

not demonstrated any error resulting in denial of fundamental fairness or cause to hesitate due to the

probability of actual innocence since he incurred no actual prejudice.  There has been no

1:06 CV 2360                                        24

demonstrated need for an evidentiary hearing.  It is recommended that Keith's application for habeas

corpus be denied.


                                                  s/James S. Gallas
                                        United States Magistrate Judge

        *ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of

Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified

time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v.*

*Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).


June 23, 2008