# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVONNE KEITH, | ) | CASE NO. 1:06CV2360 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| EDWIN C. VOORHIES, JR.,[1] | ) | |
| | ) | (HABEAS CORPUS) |
| Respondent. | ) | |

This Order arises out of objections filed by Petitioner Davonne Keith ("Keith") (Doc. No. 14) to the Report and Recommendation of Magistrate Judge James Gallas recommending denial of Keith's petition for writ of habeas corpus (Doc. No. 11.) For the reasons that follow, the Report and Recommendation is **ACCEPTED IN PART** and **REJECTED IN PART**, and Keith's petition for writ of habeas corpus is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

Because Keith objected only to the Magistrate Judge's Report and Recommendation on the merits, the remainder of the Report—including its account of the factual and procedural history of the case—is hereby accepted as written. Thus, the Court will only provide a brief review of the facts sufficient to provide context for the asserted objections.

On September 15, 2003, Keith pled no contest to an indictment containing, *inter alia*, one count of drug trafficking with a schoolyard specification,[2] one count of possession of

---

[1] Respondent has advised the Court that Keith has been transferred to the Mansfield Correctional Institution and thus the warden has changed. Accordingly, the Court shall only refer to "Respondent" throughout the opinion.

[2] Keith pled no contest to drug trafficking where the amount of the drug equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, which is a second-degree felony. O.R.C. § 2925.03(C)(1)(d). However, because "the offense was [allegedly] committed within the vicinity of a school," Keith's charge included a "schoolyard specification," which increased his penalty to a first-degree felony. *Id.*

drugs, and one count of falsification.[3] (Resp. Exs. A, C.) The trial judge found Keith guilty of all offenses and sentenced him to five years on the count of drug trafficking with schoolyard specification and five years on the count of and possession of drugs, to run concurrently.[4] (Resp. Ex. D.) The trial judge also sentenced Keith to nine months for falsification, to run consecutively with the five-year sentences. (Resp. Ex. D, E.) The purpose of pleading no contest was to preserve a suppression issue on appeal. (Transcript at 139-40.) Importantly, before Keith was found guilty and sentenced, the prosecutor informed the court that the "school" near which Keith sold drugs for purposes of the schoolyard specification was a "day care." (Transcript at 148.)

Keith directly appealed his conviction and sentence on all counts except for domestic violence on the sole ground that the trial court improperly denied a motion to suppress crack cocaine as evidence. (Resp. Ex. G.) The Ohio Court of Appeals, Eighth District affirmed the trial court's denial of the motion to suppress. (Resp. Ex. I.)

Keith timely appealed to the Ohio Supreme Court on the grounds of ineffective assistance of appellate counsel. More specifically, Keith argues that his counsel should have offered the following assignments of error on appeal to the Eighth District:

(1) The evidence was insufficient to support the schoolyard drug specification because the State did not allege or prove that Mr. Keith was reckless with regards to being near a school;

(2) The trial court erred by imposing consecutive sentences; and

(3) The trial court erred by imposing non-minimum, consecutive prison terms on Mr. Keith without findings from the jury

(Resp. Ex. J at i, 5, 6, 7.) The Supreme Court of Ohio accepted the discretionary appeal and

---

[3] Keith was also charged with possession of criminal tools, resisting arrest, and felonious assault. The felonious assault charge, however, was amended to domestic violence, and Keith entered a separate guilty plea on October 2, 2003. (Resp. Exs. C, E.)
[4] Keith's sentences for possession of criminal tools, resisting arrest, and domestic violence also ran concurrently with the five-year drug trafficking and five-year drug possession sentences, but those sentences were less than five years. (Resp. Exs. D, E.)

ordered that the briefing schedule be stayed and the cause be held for the decisions in Supreme

Court Case Nos. 04-1771, *State v. Quinones*, and 04-1568, *State v. Foster*. (Resp. Ex. L.) A few

months after *Quiones* and *Foster* were decided, the Ohio Supreme Court dismissed Keith's

appeal *sua sponte* "as having been improvidently accepted pursuant to the rule relating to

ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668."

(Resp. Ex. M.)

Contemporaneously with the above events, Keith filed an application to reopen

his appeal in the Ohio Court of Appeals, Eighth District pursuant to Ohio Rule of Appellate

Procedure 26(B). Keith alleged that appellate counsel was ineffective for failing to raise on direct

appeal the same three assignments of error as in his petition for review by the Ohio Supreme

Court. (Resp. Ex. O.) The Eighth District denied Keith's application to reopen on *res judicata*

grounds, finding that the Supreme Court of Ohio "explicitly considered the principles of

ineffective assistance of counsel and rejected the appeal." (Resp. Ex. R.)

Keith appealed the Eighth District's dismissal of his 26(B) application to the

Supreme Court of Ohio, raising the following propositions of law:

(1) A decision by the Ohio Supreme Court not to hear a discretionary appeal is not a ruling
on the merits;

(2) Evidence is insufficient to support a schoolyard drug specification when the State shows
only that a "day care" was a block away;

(3) Appellate counsel is ineffective when she fails to raise the issue of that [sic] evidence is
insufficient to support a schoolyard drug specification because the State did not allege or
prove that the defendant was reckless with regards to being near a school; and

(4) Appellate counsel is ineffective when she fails to raise winning sentencing issues.

(Resp. Ex. S.) The Ohio Supreme Court dismissed the appeal as not involving any substantial

constitutional question. (Resp. Ex. U.)

On September 28, 2006, Keith filed a petition for writ of habeas corpus in this

Court (Doc. No. 1), asserting the following grounds for relief:

(1) Petitioner's rights to due process of law and a fair trial, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States of America, were violated when the trial court did not require the State to prove all elements of the offense;

(2) Petitioner's right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States of America[,] was violated when appellate counsel failed to raise the issue that the State had failed to present sufficient evidence to convict petitioner of the schoolyard specification; and

(3) Petitioner was deprived of his right to the effective assistance of appellate counsel, as guaranteed by the Sixth Amendment to the United States Constitution[,] based on appellate counsel's failure to raise a claim petitioner's [sic] sentence was imposed in contravention of the Sixth and Fourteenth Amendment [sic] to the United States Constitution.

On June 23, 2008, the Magistrate Judge recommended that Keith's petition be

denied. (Doc. No. 11.) Keith filed an objection on September 8, 2008.[5] (Doc. No. 14.)

Respondent filed a response on September 22, 2008. (Doc. No. 15.)

## II. LAW AND ANALYSIS[6]

## A. First ground for relief: The State did not prove the schoolyard specification

Keith argues that he was wrongly convicted of the schoolyard specification

because the State failed to prove: (1) that he had sold drugs within the vicinity of a school

---

[5] On July 8, 2008, this Court granted Keith until August 7, 2008 to file a response to the Report and Recommendation. (Doc. No. 12.) On August 6, 2008, this Court again granted Keith an extension of time until September 6, 2008 to file an objection.

[6] Oddly, Respondent did not oppose the writ on the concurrent sentence doctrine. Under that doctrine, a court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction and there are no collateral consequences to the challenged conviction. *Winn v. Renico*, 175 F. App'x 728, 731-32 (6th Cir. 2006) (citing *United States v. Jeter*, 775 F.2d 670 (6th Cir. 1985)). Because Keith is serving two concurrent sentences of equal length but is only challenging one of them, and he has not alleged any collateral consequences from his conviction of the schoolyard specification, the concurrent sentence doctrine would allow this Court to decline to decide Keith's first and second grounds for relief. The concurrent sentence doctrine, however, is waived if not offered by respondent, and thus this Court cannot consider it. *Koss v. Michigan*, 142 F.3d 434 (Table), 1998 WL 136263, at *1 (6th Cir. Mar. 16, 1998).

because a day care center is not a "school" for purposes of a schoolyard specification[7]; and (2) that he recklessly sold drugs in the vicinity of a school, as required by *State v. Lozier*, 803 N.E.2d 770 (Ohio 2004). The Magistrate Judge recommended that Keith's first ground for relief be denied on procedural default, to which Keith has offered three objections:

(1)  Keith properly raised this issue in state court;

(2)  Keith has shown cause and prejudice for not raising the issue on direct appeal; and

(3)  Keith meets the actual innocence exception to procedural default.

The Court finds that none of Keith's objections have merit.

**1.  Objection One: Keith properly raised this issue in state court**

Title 28 of United States Code allows a district court to grant an application for writ of habeas corpus on behalf of a person in custody pursuant to the decision of a state court if his custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). However, a federal judge may not issue a writ of habeas corpus if an independent and adequate state ground justifies the prisoner's detention. *Wainwright v. Sykes*, 433 U.S. 72, 81-88 (1977). One such independent and adequate state ground is a lack of "fair presentation" of a claim for relief to the state law courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The habeas petitioner must "give state courts a full opportunity to resolve any constitutional issues by involving 'one complete round' of the state's appellate review system." *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Importantly, fair presentation "requires that 'the same claim under the same theory be presented' for the state court's consideration." *Id.* (citation omitted). "It is not

---

[7] For purposes of a schoolyard specification, a "school" is "any school operated by a board of education, any community school established under Chapter 3314 of the Revised Code, or any nonpublic school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code, whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed." O.R.C. § 2925.01(Q).

enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson*, 459 U.S. at 6; *see also Lott v. Coyle*, 261 F.3d 594, 607 (6th Cir. 2001) (relatedness of issues not sufficient).

In this case, Keith did not argue either of his sufficiency of the evidence claims on direct appeal. At the Eighth District, Keith argued only that his motion to suppress was wrongfully denied; at the Ohio Supreme Court, he argued only ineffective assistance of counsel. While Keith contends that he "raised this claim [. . .] as a basis for demonstrating" inadequate assistance (Objections to R&R at 3), this is not sufficient to satisfy fair presentation.

Further, Keith did not fairly present his sufficiency of the evidence claims in his 26(B) application to reopen his appeal. A 26(B) application to reopen may only be granted for claims of ineffective assistance of counsel—it is not a vehicle for challenging sufficiency of the evidence. Ohio R. App. P. 26(B)(1) ("A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel."); *State v. Reed*, 660 N.E.2d 456, 458 (Ohio 1996). Where a habeas petitioner presents his claim to state court "in such a manner that the state court could not, consistent with its own procedural rules, have entertained it," a lack of fair presentation has occurred. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Thus, Keith has not fairly presented either of his sufficiency of the evidence claims to the Ohio state courts, and has procedurally defaulted both claims. Keith's first objection is OVERRULED.

**2. Objection Two: Keith has shown cause and prejudice for not raising the issue on direct appeal.**

When a petitioner procedurally defaults, his habeas grounds cannot be considered by a district court unless he shows: (1) "cause" and "prejudice" to excuse the failure to present

6

his ground to the state's highest court, or (2) that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Edwards*, 529 U.S. at 451. To show "cause," a petitioner must show the existence of an objective factor external to him that precluded him from fairly presenting his claim while state remedies were available. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). "Prejudice" requires a showing that the alleged constitutional error worked to the petitioner's actual and substantive disadvantage. *United States v. Frady*, 456 U.S. 152, 170 (1982). Keith argues ineffective assistance of appellate counsel as cause, with the prejudice being that the Eighth District could not remand his case for resentencing. The Court will now examine Keith's cause and prejudice argument with respect to each of his insufficiency of the evidence claims.

### a.   Keith's claim that a day care is not a "school"

Keith argues ineffective assistance of appellate counsel as cause for procedurally defaulting his claim that a day care is not a "school" for purposes of a schoolyard specification. It is unclear, however, to which appellate counsel he refers—accordingly, the Court will address all of them. With respect to Keith's appellate counsel on direct appeal to the Eighth District, Keith has procedurally defaulted that claim. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted [. . .]." *Edwards*, 529 U.S. at 453. On his direct appeal to the Ohio Supreme Court, Keith did not argue ineffectiveness of appellate counsel for failing to argue that the day care center was not a school for purposes of the schoolyard specification. Thus, Keith procedurally defaulted that claim.

With respect to Keith's appellate counsel on direct appeal to the Ohio Supreme Court and his counsel in the 26(B) application proceedings, Keith cannot argue ineffective assistance as cause. In order to constitute "cause," there must be a right to counsel in the state

proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The Supreme Court has refused to recognize a right to counsel for second-tier discretionary review to a state's highest court. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005); *Ross v. Moffitt*, 417 U.S. 600, 610 (1974). Further, the Sixth Circuit has determined that there is no right to counsel in 26(B) proceedings. *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc). Since Keith had no constitutional right to counsel at either stage, he cannot argue ineffective assistance as cause.[8]

Keith has also failed to show prejudice. Keith's counsel could not have successfully raised the argument that a day care is not a school for two reasons. First, Keith conceded that the day care is a school for purposes of his conviction by pleading no contest to an indictment which explicitly stated: "The Grand Jurors further find and specify that the offender committed the offense on school premises, in a school building, or within 1,000 feet of the boundaries of a school premise." (Resp. Return of Writ, Doc. No. 6, Ex. A.) A plea of no contest is an admission of the facts alleged in the indictment. Ohio R. Crim. P. 11(B)(2); *State v. Stow Veterans Ass'n*, 519 N.E.2d 660, 661 (Ohio Ct. Ap. 1987); *State v. Gilham*, 549 N.E.2d 555, 558 (Ohio Ct. App. 1988). Thus, Keith cannot now, nor could he on direct appellate review, contest that the day care was a school for purposes of the schoolyard specification.[9]

---

[8] This conclusion further prevents Keith from arguing ineffective assistance as cause for procedurally defaulting his ineffective assistance claim. Thus, even presuming that Keith's Ohio Supreme Court counsel was ineffective because he failed to argue that Keith's Eighth District counsel was ineffective, Keith's claim would be dismissed under procedural default.

[9] Keith notes that "a plea of no contest constitutes an admission of the facts alleged in an indictment, as well as the facts set forth by the state in its explanation of the circumstances surrounding the charge, but does not admit that those facts lead to a legal conclusion of guilt." *State v. Perry*, 697 N.E.2d 624, 627 (Ohio 1998). He argues that because the prosecutor stated that the sale of drugs took place near a day care, he should be able to challenge the trial court's factual finding that the day care was a school.

However, Ohio law is clear that, when a defendant concedes a fact that turns out to be erroneous through a no contest plea, he is foreclosed from challenging that fact on appeal. *State v. Gaughan*, 658 N.E.2d 1113, 1114-15 (Ohio Ct. App. 1995); *State v. Lichtenberger*, 2003 WL 1618072, at *3 (Ohio Ct. App. Mar. 31, 2003). In this case, Keith pled no contest to an indictment stating that he sold drugs in proximity to a school. He maintained this no contest plea even after the trial court made it clear that, under the indictment and the evidence—including the fact that the "school" was a day care—he would be found guilty of all charges. (Transcript 147-50.) Given this concession, the fact that Keith in fact may not have sold drugs within 1,000 feet of school grounds is irrelevant, just

8

Second, Keith offered no evidence that the day care referred to at his sentencing is not in fact a "school." For purposes of a schoolyard specification, a "school" is, *inter alia*, "any school operated by a board of education."[10] O.R.C. § 2925.01(Q). Ohio law allows school districts to establish day-care services and pre-school programs. O.R.C. § 3301.52; *Miami Valley Child Development Centers, Inc. v. District 925*, 2002 WL 253637, at *7 (Ohio Ct. App. Feb. 22, 2002) (noting that, since March 17, 1989, school districts could operate preschool programs, including "extended day-care services"). Thus, it is possible that the day care center at issue is a "school."[11] Keith has offered no evidence indicating otherwise.

In light of the foregoing, Keith has shown neither cause nor prejudice for procedurally defaulting his claim that a day care is not a school.

### b. Keith's claim that the State failed to prove he "recklessly" sold drugs in the vicinity of a school.

The Court finds that Keith has fairly presented his ineffective assistance argument with respect to his *Lozier* claim to the Ohio courts, and thus this Court may determine Keith's cause and prejudice contention on the merits. To determine whether counsel was ineffective, "the proper standard [. . .] is that of reasonably effective assistance [. . .] viewed as of the time of counsel's conduct" and considered "in light of all the circumstances." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). More importantly,

> [j]udicial scrutiny of counsel's performance must be highly deferential. [. . .] Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

as it was irrelevant in *Gaughan* that aggravated assault may not have been a lesser included offense of felonious assault, or just as it was irrelevant in *Lichtenberger* that the pandered materials may not have been obscene or contained images of minors. Keith simply has waived any attack on the trial court's factual findings.

[10] Keith wrongly contends that a schoolyard specification contains "only schools regulated under Ohio Ohio [sic] Rev. Code Ann. § 3301.07." (Habeas Petition at 13.) O.R.C. § 2925.01(Q) very clearly includes not only schools regulated under O.R.C. § 3301.07, but also, *inter alia*, any school operated by a board of education.

[11] Because the day care center at issue could be a school under Ohio law, this Court does not share the same "concern over the trial court's erroneous treatment of the schoolyard specification" as the Magistrate Judge. (Report and Recommendation at 12.)

> assistance; that is, the defendant must overcome *the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'*

*Id.* at 689 (citation omitted; emphasis added). The standard for determining ineffective assistance of appellate counsel is the same as for ineffective assistance of trial counsel. *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986). In order to show ineffective assistance of counsel, a petitioner must show: (1) his attorney's representation "fell below an objective standard of reasonableness"; and (2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694; *Beuke v. Houk*, 537 F.3d 618, 642 (6th Cir. 2008).

Keith has not overcome the "strong presumption" of effective appellate counsel. First, Keith's appellate counsel could have reasonably decided, as a matter of strategy, not to appeal his schoolyard specification. Keith was sentenced to five years on each of his drug trafficking with schoolyard specification and possession of drugs convictions, to run concurrently. Thus, even if Keith's sentence for the schoolyard specification were eliminated, he would serve the same amount of time in prison due to his concurrent and equal five year sentence for his possession of drugs offense. Further, even if the Eighth District found that the State failed to prove recklessness, that would only reverse the conviction of the specification— the second-degree felony drug trafficking conviction would still remain, and Keith would be resentenced accordingly. Since the sentence range for a second-degree felony is two to eight years, O.R.C. § 2929.14(A)(2), it is possible that Keith would have been sentenced to more than five years on remand. Given this backdrop, Keith's counsel could have reasoned that an appeal was not a wise course, since (1) at best, Keith would still serve five years (again, due to the concurrent and equal sentence for possession of drugs), but (2) Keith possibly could receive a sentence greater than five years. Keith has failed to show that his appellate counsel's failure to

10

appeal his conviction was not the product of sound strategy. The Court refuses to hold that effective assistance of counsel requires that appellate counsel try for a Pyrrhic victory.

Additionally, Keith has not shown that his counsel acted unreasonably in failing to submit his *Lozier* claim to the Eighth District on direct appeal. *Lozier* was decided on March 3, 2004. Keith's counsel filed a merits brief to the Eighth District on February 25, 2004. (Return Ex. G.) At the time Keith's counsel filed his merits brief, there was a split in the Ohio courts of appeals as to whether the schoolyard specification was strict liability or required a degree of mental culpability. *Lozier*, 803 N.E.2d at 771 (noting split between the Fifth and Ninth Districts). Further, the statute defining the schoolyard specification made no mention of a *mens rea* requirement, and in fact read like a strict liability offense. Keith has failed to show that, at the time the merits brief was filed and in light of both the district split and the language of the schoolyard specification itself, his appellate counsel's performance did not qualify as "reasonably effective assistance." *Strickland*, 466 U.S. at 668, 687, 690. Counsel is not required to anticipate a change in the law in order to be effective. *Green v. United States*, 65 F.3d 546, 551 (6th Cir. 1995). And while the Court now has the benefit of knowing that *Lozier* would be decided in a way favorable to Keith, for purposes of determining effective assistance, "hindsight is discounted by pegging adequacy to 'counsel's perspective at the time' [. . .]." *Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456, 2462 (2005) (citation omitted). Keith has not shown that, at the time of his direct appeal to the Eighth District, his counsel's failure to raise his *Lozier* claim was unreasonable.[12]

Keith has failed to show cause and prejudice with respect to either of his sufficiency of the evidence grounds for relief. Keith's second objection is OVERRULED.

---

[12] Keith contends that his counsel should have filed a supplemental brief after *Lozier* was decided. However, Keith has not offered any evidence showing that the Eighth District would likely accept a supplemental merits brief.

### 3.   Objection Three: Keith meets the actual innocence exception to procedural default

Even if a petitioner procedurally defaults on a ground for relief, his default may be excused if he shows that a fundamental miscarriage of justice would result in the conviction of an actually innocent person. *Edwards*, 529 U.S. at 451. To succeed on a claim of "actual innocence," a petitioner must offer "new reliable evidence" showing that a "fundamentally unjust incarceration" has occurred. *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001). The evidence on which Keith bases his actual innocence claim, however, is not new evidence. The existence of the day care center and the lack of a stated *mens rea* in either the indictment or statements by the prosecutor were both known and available to Keith at the time of his sentencing.

Even assuming *arguendo* that Keith's old evidence was sufficient for a claim of actual innocence, his incarceration on the schoolyard specification is not so fundamentally unjust as to justify overriding the important "principles of comity and finality that inform the concepts of cause and prejudice." *House*, 547 U.S. at 536. As noted in Section III.A.2.b, *supra*, even if Keith were successful on direct appeal to the Eighth District: (1) he would still have a second-degree felony conviction for drug trafficking, for which he could receive a sentence from two to eight years; and (2) he would still serve the same amount of time in prison due to his drug possession conviction. These two facts—especially the latter—belie any claim that his schoolyard specification conviction is egregiously unjust.

This Court thus finds that Keith has failed to establish the actual innocence exception to procedural default. Keith's third objection is OVERRULED and his first ground for relief is DENIED.

12

**B. Second ground for relief: Ineffective assistance of counsel for failing to challenge Keith's conviction**

Keith's second ground for relief argues that Keith's appellate counsel was ineffective for failing to raise the arguments put forward in Keith's first ground for relief, i.e., that a day care center is not a "school," and that the State failed to prove recklessness. The Magistrate Judge recommended this ground be denied on the merits, stating that Keith failed to show an unreasonable application of clearly established federal law by the Ohio courts. Keith has offered three objections to the denial of his first ground for relief:

(1) A plea of no contest admits the facts in both the indictment and in the prosecutor's statement;

(2) The Magistrate Judge should have looked to whether the result of the *appeal*, not the *sentence*, would have been different for purposes of prejudice; and

(3) The Magistrate Judge improperly deferred to the state court of appeals even though the state courts never resolved Keith's ineffective assistance claims on the merits according to the correct standard.

While the Court finds merit to Keith's third objection, the Court nonetheless DENIES Keith's second ground for relief for the reasons stated below. For purposes of logical presentation, the Court will address Keith's objections in a different order than in which they were presented.

**1. Objection Three: The Magistrate Judge improperly deferred to the state court of appeals even though the state courts never resolved Keith's ineffective assistance claims on the merits according to the correct standard**

Before resolving Keith's second ground for relief on the merits, the Court must determine the standard of review for those claims Keith properly presented to the Ohio courts. The Magistrate Judge stated that the Ohio Supreme Court's rejection of Keith's direct appeal as improvidently granted under *Strickland v. Washington* was a decision on the merits. Accordingly, he found that Keith's petition for writ of habeas corpus could only be granted if the Ohio Supreme Court's adjudication involved an unreasonable application of clearly established

13

federal law, or was based on an unreasonable determination of the facts in light of the evidence. *See* 28 U.S.C. § 2254(d). Keith, meanwhile, contends that the Ohio Supreme Court merely declined to hear the case, which is not a review on the merits. He further maintains that, since the Ohio Supreme Court never heard his ineffective assistance claims on the merits, the Eighth District wrongly dismissed his 26(B) application to reopen on *res judicata* grounds. Since no Ohio court has heard his ineffective assistance claims on the merits, Keith argues, this Court must review his claims *de novo*. *See Hill v. Mitchell*, 400 F.3d 308, 313 (6th Cir. 2005) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

The Court finds that the Magistrate Judge erred, and a *de novo* review is appropriate. In its order dismissing the case, the Ohio Supreme Court made clear that the case was improvidently accepted for review, not that Keith's claims were meritless. (*See* Return Ex. M.) The fact that the order mentioned *Strickland v. Washington* in passing does not show otherwise, as the Ohio Supreme Court was merely stating that it originally accepted the case for review based on the question of ineffective assistance of counsel.[13] The refusal of the Ohio Supreme Court to accept any case for review does not operate as a decision on the merits. *State v. Davis*, 894 N.E.2d 1221, 1225 (Ohio 2008) (citing and quoting S. Ct. R. Rep. Op. 8(B).) This is especially true when a concurrent 26(B) application to reopen based on ineffective assistance is filed, for "if [the Ohio Supreme Court]'s denial of jurisdiction were considered res judicata on the issue of ineffective assistance of appellate counsel [. . .] a defendant [. . .] would never have an opportunity to fully present his case to *any* court." *Id.* at 1226 (emphasis in original).

---

[13] The Ohio Supreme Court stated: "On consideration thereof, this cause is dismissed, *sua sponte*, as having been improvidently accepted pursuant to the rule relating to ineffective assistance of counsel announced in *Strickland v. Washington* (1984), 466 U.S. 668." (Return Ex. M.)

The Court finds that Ohio courts have not considered Keith's ineffective assistance claim on the merits. Thus, for those claims that Keith has not procedurally defaulted, a *de novo* review is appropriate. *Hill*, 400 F.3d at 313. Keith's third objection is SUSTAINED.

**2.  Objection One: A plea of no contest admits the facts in both the indictment and in the prosecutor's statement**

In his first, somewhat misleading-titled objection, Keith notes that the prosecutor disclosed at his sentencing hearing that Keith had sold drugs about a block away from a day care. Thus, Keith argues, his appellate counsel was ineffective for failing to argue on direct appeal that the day care was not a school for purposes of the schoolyard specification.

For the reasons stated in Section II.A.2.a, *supra*, Keith procedurally defaulted his claim of ineffective assistance for failure to argue that a day care is not a school. While Respondent failed to raise procedural default as a defense to Keith's second ground for relief, this Court may—and decides to—raise the issue *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *see also Day v. McDonough*, 547 U.S. 198, 206-07 (noting that the courts of appeals have unanimously held that courts may raise *sua sponte* a petitioner's procedural default and citing cases). Aside from procedural default, Keith conceded in his plea that the day care was a school, and in any event he has not shown that his counsel's performance was deficient considering the circumstances of his appeal. *See* Section II.A.2.a, *supra*. Keith's counsel is not required to raise clearly losing issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-53 (1983). Both procedurally and on the merits, Keith's first objection is OVERRULED.

**3.  Objection 2: The Magistrate Judge should have looked to whether the result of the appeal, not the sentence, would have been different for purposes of prejudice**

The Magistrate Judge determined that, with respect to Keith's *Lozier* claim, appellate counsel's performance was deficient, but that Keith suffered no prejudice since he

would serve the same amount of time in prison due to his concurrent drug possession sentence. Keith objects on the grounds that the Magistrate Judge improperly looked to prejudice in the sentencing, rather than the result of the appeal. The Court disagrees with the Magistrate Judge that appellate counsel's performance was deficient, and accordingly overrules Keith's objection on the first prong of ineffective assistance of counsel under *Strickland v. Washington*.

Notwithstanding its *de novo* review, the Court holds that Keith has failed to demonstrate ineffective assistance of counsel for the reasons stated in Section II.A.2.b. Keith has not shown that, at the time merits briefs were due to the Eighth District, his counsel's failure to raise the *Lozier* issue was so egregious as to override the heavy presumption that he received reasonably effective assistance, especially given that his counsel had ample reason to suspect that the schoolyard specification was a strict liability specification. More importantly, Keith has failed to overcome the strong presumption that his counsel's failure to challenge the schoolyard specification was a product of sound strategy, given that a victory in the Eighth District could not have resulted in less prison time, but possibly could have subjected Keith to a lengthier sentence.

Keith has failed to show ineffective assistance of appellate counsel. Thus, Keith's second objection is OVERRULED, and his second ground for relief is DENIED.

## C. Third ground for relief: Ineffective assistance of counsel for failing to challenge Keith's sentence under *Blakely*

Keith's third ground for relief is that his appellate counsel was ineffective for failing to challenge the imposition of consecutive, non-minimum sentences under *Blakely*. Under O.R.C. § 2929.14(B), which governed criminal sentencing in Ohio during his sentencing hearing, a trial court had to impose the "shortest prison term authorized for [an] offense" unless the offender previously had served a prison term, or the trial court found that imposing a minimum prison term would demean the seriousness of the offender's conduct or not adequately protect the

16

public. O.R.C. § 2929.14(B). With respect to either finding, the trial court did not have to articulate reasons in support of the finding, but simply had to acknowledge it at sentencing. *Ohio v. Edmonson*, 715 N.E.2d 131, 133 (Ohio 1999). Further, a court could not impose consecutive sentences unless it found "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." O.R.C. § 2929.14(E)(4). Keith argues that, after the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004), the above statutory provisions became invalid because they allowed a court to sentence on the basis of facts not found beyond a reasonable doubt by a jury. In Keith's petition, he states that he was entitled to the minimum sentences on both of his convictions—which would be three years for drug trafficking with schoolyard specification and two years for drug possession—and that consecutive sentences should not have been imposed. Insofar as his appellate counsel failed to raise the issue, Keith argues, counsel's assistance was ineffective.

The Magistrate Judge recommended that Keith's third ground for relief be denied because: (1) his non-minimum sentence was based on a prior conviction, which falls outside of *Blakely*'s ambit, and (2) his counsel could not anticipate that *Blakely* would extend to consecutive sentencing. Keith objected solely on the ground that "The Magistrate incorrectly denied Mr. Keith's third ground for relief by holding that the Supreme Court of Ohio's 'rejection' of this ground was reasonable."

Keith appears to have abandoned his consecutive sentence argument, as he never raised it in his traverse or objections to the Magistrate Judge's Report and Recommendation. But even if he preserved this claim, it is foreclosed by *Oregon v. Ice*, --- S. Ct. ---, 2009 WL 77896

(Jan. 14, 2009), which held that the Sixth Amendment does not prohibit judges from finding facts in order to impose consecutive, rather than concurrent, sentences. *Id.* at *3.

As for Keith's non-minimum sentences argument, *Blakely* clearly does not apply to this case for two reasons. First, *Blakely* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301. The "statutory maximum" is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303 (emphasis in original). The Court notes that, under O.R.C. § 2929.14, the maximum sentence a judge could impose, absent prior prison time or special findings, was the minimum allowable sentence. However, Keith acknowledged at his sentencing that he served time in prison for a prior conviction. (Transcript at 147, 159.) Thus, the trial judge's departure from the minimum sentence comported with *Blakely* because (1) it was based on a prior conviction, and (2) Keith admitted it. It would have been pointless for Keith's counsel to raise such a meritless issue on appeal.

Second, Keith's *Blakely* argument is meritless under *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). *Foster* held that the minimum sentence provision of O.R.C. § 2929.14(B), among other provisions, violated *Blakely*, and accordingly the Ohio Supreme Court severed that provision. *Id.* at 490, 496. Thus, a trial judge now "ha[s] full discretion to impose a prison sentence within the statutory range [without] mak[ing] findings or giv[ing] their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at 498. Further, since Keith's direct appeal was still pending when *Foster* was decided, its holding applies retroactively to him. *Id.* at 499. The trial judge could therefore sentence Keith for anywhere within the applicable statutory range—including above the minimum sentence—without making

18

any factual findings. Keith's sentence was within the applicable statutory range, and accordingly it would be affirmed under *Foster*.

Keith argues that applying *Foster* to his circumstances would violate due process and prohibitions against *ex post facto* laws. This Court has consistently rejected this argument. *Watkins v. Williams*, 2008 WL 2484188 (N.D. Ohio June 17, 2008); *Lyles v. Jeffreys*, 2008 WL 1886077 (N.D. Ohio April 24, 2008); *McGhee v. Koneth*, 2008 WL 320763 (N.D. Ohio Feb. 1, 2008). Additionally, the Court notes that the *Foster* remedy very closely tracked that of *United States v. Booker*, 543 U.S. 220 (2005). *See Foster*, 845 N.E.2d at 496-99 (discussing *Booker* and fashioning remedy based on the *Booker* decision). The Sixth Circuit has repeatedly held that *Booker*'s remedy does not create an *ex post facto* or similar due process argument upon re-sentencing. *United States v. Hill*, 209 F. App'x 467, 468 (6th Cir. 2006); *United States v. Barton*, 455 F.3d 649, 652-57 (6th Cir. 2006); *United States v. Shepherd*, 453 F.3d 702, 705-06 (6th Cir. 2006). The Court does not see the need to repeat the reasoning of these cases here. What is clear, however, is that *Foster* does not violate due process or constitute an unconstitutional *ex post facto* law, and it would have been pointless for Keith's appellate counsel to raise it.

Keith's objection is OVERRULED, and his third ground for relief is DENIED.

## III. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation is **ACCEPTED IN PART** and **REJECTED IN PART**. Keith's petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 23, 2009

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

19